SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**WILLIAM LEE GRANT II**
**PLAINTIFF**

901 WYTHE ROAD
SPRINGFIELD, ILLINOIS 62702
(217)726-5269

v.

**JAMES A. BAKER III**
**DEFENDANT**

700 K Street, N.W.
WASHINGTON, D.C. 20001

910 Louisiana Street
Houston, Texas 77002-4995

FILED
RECEIVED BY MAIL
FEB 0 5 2021
Clerk
Superior Court
of the District of Columbia
Small Claims Branch

2021   00572

# CIVIL COMPLAINT
## ACTIONS OF REAGAN'S CHIEF OF STAFF (ARCOS) COMPLAINT

1) The Superior Court of the District of Columbia has jurisdiction pursuant to:

| | |
|---|---|
| D.C. Code 13-422 | Personal jurisdiction based upon enduring relationship; |
| D.C. Code 22-1840 | Human Trafficking - Civil Action; |
| D.C.. Code 22-1832(a) | Forced Labor; |
| D.C. Code 22-1833(1) | Trafficking In Labor Or Commercial Sex Acts; |
| D.C. Code 22-1836 | Benefitting financially from human trafficking; |

2) Mr. Grant's allegations are deemed admitted as true by virtue of the U.S. Department of Justice and State of Illinois' default history:

a) The U.S. Department of Justice and State of Illinois defaulted in 16-cv-3245 17-cv-3261 in the Illinois Central District;

b) The U.S Department of Justice defaulted and failed to appear in 19-cv-3001 in the Illinois Central District;

c) The State of Illinois defaulted and failed to appear in 18-L-202 in the Seventh Judicial Circuit of Illinois; and

d) The State of Illinois defaulted in 20-cv-173 in the Eastern District of Virginia.

EXHIBIT # 1

*See* Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004).
*See* Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d. 1200, 1204 (5th Cir. 1975).
*See* Descent V. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005).

3) James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris unlawfully detained Mr. Grant for thirty (30) years under threat of military force; repeatedly assaulted Mr. Grant; and violated Mr. Grant's right to privacy.
*See* Marshall v. District of Columbia, 391 A.2d 1374, 1380 (D.C. 1978).
*See* Clark v. District of Columbia, D.C. App. 311A.2d. 508, 511, (1973).

4) James A. Baker III is joint and severally liable for the actions of William Pelham Barr. William Pelham Barr is vicariously liable (respondeat-superior) for the actions of Gregory K. Harris:

a) William P. Barr, Attorney General of the United States under President George H.W. Bush, paid Gregory K. Harris through the Illinois Central District U.S. Attorney's Office payroll ("regular payroll");

b) William P. Barr, Attorney General of the United States, has the authority to terminate Gregory K. Harris' employment with the U.S. Department of Justice (Illinois Central District U.S. Attorney's Office);

c) William P. Barr provided Gregory K. Harris with office space in the Illinois Central District U.S. Attorney's Office in 1992;

COMMITTEE ON TRANSNATIONAL THREATS  2
OPERATION: HOMETOWN GLORY

d) William P. Barr directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to cooperate with the conspiratorial and unlawful actions of Gregory K. Harris against Mr. Grant

*See* McNeil Spindler, 191 Va. 685, 694, 62 S.E. 2D 13, 17 (1950).

*See* Kensington Associates v. West, 324 VA. 430, 432 (1987).

5) Mr. Grant has a claim under District of Columbia Common Law for conspiracy:

A) A combination of two or more persons:

1) James A. Baker III (White House Chief of Staff under President Ronald Reagan; Secretary of the U.S. Department of the Treasury under President Ronald Reagan; Secretary of the U.S. Department of State; and White House Chief of Staff under President George H.W. Bush);

2) William Pelham Barr (Attorney General of the United States under President George H.W. Bush);

3) Gregory K. Harris (U.S. Department of Defense attorney and Illinois Central District Assistant U.S. Attorney);

4) Caspar Weinberger (Secretary of the U.S. Department of Defense);

5) Frank Carlucci (Secretary of the U.S. Department of Defense);

6) James N. Mattis (Secretary of the U.S. Department of Defense);

7) Joseph F. Dunford (Chairman of the Joint Chiefs of Staff);

8) John Kelly; and

9) Mark Esper (Secretary of the U.S. Department of Defense);

B) To accomplish, by some concerted action:

1) James A. Baker III (White House Chief of Staff, Secretary of the U.S. Department of the Treasury, and Secretary of the U.S. Department of State) siphoned two billion dollars from the Strategic Defense Initiative to genetically-engineer Mr. Grant with the assistance of Caspar Weinberger (Secretary of the U.S. Department

COMMITTEE ON TRANSNATIONAL THREATS  3
OPERATION: HOMETOWN GLORY

of Defense) and Frank Carlucci (Secretary of the U.S. Department of Defense);

2) James A. Baker III, William Pelham Barr (Attorney General of the United States), Six Known Members of the U.S. Department of Defense) used Joint Special Operations Command (JSOC) to engineer Mr. Grant's life to give cause for Mr. Grant to appear in Federal court;

3) William Pelham Barr (Attorney General of the United States under President George H.W. Bush) added Gregory K. Harris to the Illinois Central District U.S. Attorney's Office to illegally surveil and conspire against Mr. Grant; and

4) The Six Known Members of the U.S. Department of Defense detained Mr. Grant in Illinois for twenty-eight (28) years under threat of military force;

C) Some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means:

1) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense detained Mr. Grant in Illinois for twenty-eight (28) years to:

a) be the U.S. Department of Defense's witness to the 9/11 Terrorist Attacks;

b) endure psychological warfare;

c) be beaten;

d) be hired by the State of Illinois; and

e) be retaliated against by the State of Illinois to:

1) have cause for Mr. Grant to appear in court; and for

2) the Attorney General of Illinois to have cause to appear in court;

D) Resultant damage caused by the defendant's acts committed in furtherance
of the conspiracy:

    1) Mr. Grant was detained in the basement of the Pentagon for two and
       a half years (1990-1992);

    2) Mr. Grant was trafficked to Springfield, Illinois from Virginia in
       1992 to be:

        a) Beaten;

        b) Endure psychological warfare; and

        c) the U.S. Department of Defense's witness to the 9/11
           Terrorist Attacks;

    *See* D.C. Code 22- Trafficking in Labor or Commercial Sex Acts.

    *See* D.C. Code 22-1832(a) - Forced Labor.

    *See* D.C. Code 22-1836 - Benefitting Financially from Human Trafficking.

    3) Mr. Grant was forced to lick Dr. Bill Grant's penis in 1992 as a
       condition for Dr. Bill Grant to stop beating Mr. Grant at the direction
       of James A. Baker III, William Pelham Barr, and Six Known
       Members of the U.S. Department of Defense;

    4) Gregory K. Harris directed Mr. Grant's dentist to drill the enamel off
       Mr. Grant's teeth (circa 1992-1993);

    5) Gregory K. Harris directed Armenta Johnson to ritually beat Mr.
       Grant at a piano bench (circa 1993-1995);

    6) Gregory K. Harris directed Mr. Grant's optometrist to give Mr.
       Grant an incorrect prescription lense in 1995 to diminish Mr. Grant's
       vision (circa 1995);

    7) In 2002, Mr. Grant was forced to stab Dr. Bill Grant, or the Six
       Known Members of the U.S. Department of Defense would have
       sent a Black Operations soldier to kill Dr. Bill Grant;

8) In 2003, Gregory K. Harris undermined Mr. Grant's legal defense for domestic battery by colluding with Mr. Grant's lawyers (Rudolph M. Braud and Michael J. Drake);

9) Gregory K. Harris directed Mr. Grant's orthodontist to drill the enamel off Mr. Grant's teeth (circa 1999-2000);

10) In 2009, Gregory K. Harris, Six Known Members of the U.S. Department of Defense, and the Illinois State Police "set-up" Mr. Grant for a Driving Under the Influence (DUI) charge to "strip" Mr. Grant of his driver's license:

    a) Illinois State Police Trooper Tyler Price "stopped" Mr. Grant for an alleged improper lane change in 2009;

    b) Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop;

    c) Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

    d) Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood;

    e) The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop;

    f) Gregory K. Harris undermined Mr. Grant's legal defense by colluding with Mr. Grant's lawyers (Patrick T. Timoney and Sharp & Harmon; and

    g) Gregory K. Harris directed Seventh Judicial Circuit of Illinois Judge John M. Madonia to allow Mr. Grant to be convicted of reckless driving with no evidence;

11) Mr. Grant was forced to "act gay" for seven (7) years (2009-2016), or the Six Known Members of the U.S. Department of Defense would have sent someone to rape Mr. Grant;

12) After graduating from college in 2010, Mr. Grant was only allowed to accept employment with the Illinois Governor's Office:

A) Gregory K. Harris and the Six Known Members of the U.S. Department of Defense directed all other potential employers to not offer Mr. Grant employment;

*EVHIBIT #6*

B) Deirdre 'D.K.' Hirner made an agreement with Six Known Members of the U.S. Department of Defense in 1992 to hire Mr. Grant in the future;

*EVHIBIT #2*

   1) D.K. Hirner (Chief of Staff) hired Mr. Grant in 2011 as a Policy Analyst with the Office of the Illinois Lieutenant Governor;

C) Ann L. Schneider made an agreement with Six Known Members of the U.S. Department of Defense in 1992 to hire Mr. Grant in the future;

   1) Ann L. Schneider (Secretary) hired Mr. Grant in 2012 as a Staff Assistant with the Illinois Department of Transportation;

13) Mr. Grant was retaliated against for filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012:

A) Mr. Grant endure a hostile work environment;

B) slander;

C) geographic relocation;

D) rescinded promotion;

E) work products being sabotaged;

F) being assigned job tasks below Mr. Grant's pay grade;

G) failure to be added to the Illinois Governor's Office payroll in 2014; and

*EVHIBIT #5*

*EVHIBIT #3*

H) wrongful denial of Federal unemployment benefits in 2015;

*EVHIBIT #4*

14) The retaliatory actions of officials and employees of the State of Illinois were directed by Gregory K. Harris and Six Known Members of the U.S. Department of Defense; and

15) In 2015, Mr. Grant found himself BLACKLISTED unable to find employment anywhere in America.

16) James A. Baker, William Pelham Barr, Six Known Members of the U.S. Department of Defense stole thirty (30) years of Mr. Grant's life to bring this action.

17) James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Haris have:

    a) kept Mr. Grant under constant satellite surveillance for thirty (30) years;

    b) "hacked" Mr. Grant's cellular phone and computer for more than fifteen (15) years; and

    c) "bribed" Mr. Grant's family, peers, teachers, co-workers, and supervisors to report Mr. Grant's words and actions to Gregory K. Harris for more than twenty-three (23) years.

*See* Nader v. Democratic Nat'l Committee, 567 F.3d 692, 697 (D.C.Cir.2009).

*See* Exec. Sandwich Shoppe v. Carr Realty Corp., 749 A.2d 724, 738 (D.C.2000).

*See* Marshall v. District of Columbia, 391 A.2d 1374, 1380 (D.C. 1978).

*See* Clark v. District of Columbia, D.C. App. 311A.2d. 508, 511, (1973).

6) In 2016, Mr. Grant filed suit (2016-MR-643) against Richard Abel Kabaker (Mr. Grant's supervisor at the Illinois Department of Transportation), U.S. Department of Justice (DOJ) and State of Illinois in the Seventh Judicial Circuit of Illinois:

    A) The U.S. Department of Justice removed 2016-MR-643 to the Illinois Central District of Illinois;

    B) The State of Illinois waived sovereign immunity consenting to 2016-MR-643 being removed from the Seventh Judicial Circuit of Illinois to the Illinois Central District;

C) The State of Illinois and DOJ defaulted pursuant to Fed. R. Civ. P. 81(c)(2)(c) in 16-cv-3245 (16-MR-643) in the Illinois Central District;

D) The Illinois Central District Clerk of Court failed to enter default (Fed. R. Civ. P. 55(a);

E) The Illinois Central District Clerk of Court failed to enter default (Fed. R. Civ. P. 55(a) at the direction of the Six Known Members of the U.S. Department of Defense;

F) The Clerk of Court's Entry of Default (Fed. R. Civ. P. 55(a) is a ministerial act, and not an act of discretion; and

G) Six Known members of the U.S. Department of Defense directed Illinois Central District Judge Colin S. Bruce (16-cv-3245) to not enter default judgement, and to dismiss Mr. Grant's complaint;

7) With Mr. Grant being indigent in 2017; his lawsuit dismissed (16-cv-3245); Mr. Grant was forced to walk from Springfield, Illinois to Washington, D.C;

8) While walking from Springfield, Illinois to Washington, D.C., the Six Known Members of the U.S. Department of Defense attempted to assassinate Mr. Grant;

9) In 2017, Mr. Grant refiled suit against the State of Illinois and the U.S. Department of Justice in the Seventh Judicial Circuit of Illinois:

A) The U.S. Department of Justice removed 16-MR-643(AMENDED) from the Seventh Judicial Circuit of Illinois to the Illinois Central District as 17-cv-3261;

B) The DOJ and State of Illinois defaulted pursuant to Fed. R. Civ. P. 81(c)(2)(c) in 17-cv-3261 in the Illinois Central District;

C) The Illinois Central District Clerk of Court failed to enter default (Fed. R. Civ. P. 55(a);

D) The Illinois Central District Clerk of Court failed to enter default (Fed. R. Civ. P. 55(a) at the direction of the Six Known Members of the U.S. Department of Defense;

E) The Clerk of Court's Entry of Default (Fed. R. Civ. P. 55(a) is a ministerial act, and not an act of discretion; and

F) The Six Known Members of the U.S. Department of Defense directed Illinois Central District Judge Colin S. Bruce (17-cv-3261) to not enter default judgment, and to dismiss Mr. Grant's complaint;

10) Mr. Grant filed suit (17-MR-754) against the State of Illinois in 2017 in the Seventh Judicial Circuit of Illinois.

11) Gregory K. Harris directed Seventh Judicial Circuit of Illinois Judge Brian T. Otwell to dismiss Mr. Grant's lawsuit (17-MR-754).

12) Mr. Grant filed suit (18-L-202) against the U.S. Department of Defense in the Seventh Judicial Circuit of Illinois in 2018:

A) The U.S. Department of Justice removed 18-L-202 from the Seventh Judicial Circuit of Illinois to the Illinois Central District as 19-cv-3001;

B) The U.S. Department of Justice defaulted pursuant to Fed. R. Civ P. 81(c)(2)(c) in 19-cv-3001;

C) The U.S. Department of Justice failed plead in 19-cv-3001;

D) The Illinois Central District Clerk of Court failed to enter default (Fed. R. Civ. P. 55(a) in 19-cv-3001;

E) The Illinois Central District Clerk of Court failed to enter default (Fed. R. Civ. P. 55(a) at the direction of the Six Known Members of the U.S. Department of Defense;

F) Illinois Central District Judge Joe Billy McDade failed to enter default judgment, and dismissed Mr. Grant's complaint (19-cv-3001) at the direction of Six Known Members of the U.S. Department of Defense;

13) Mr. Grant refiled his suit (18-L-202 AMENDED) against the State of Illinois:

A) The State of Illinois defaulted and failed to appear in 18-L-202 in the Seventh Judicial Circuit of Illinois; and

B) Seventh Judicial Circuit of Illinois Judge John M. Madonia dismissed Mr. Grant's suit (18-L-202) at the direction of Six Members of the U.S. Department of Defense.

14) The Six Known Members of the U.S. Department of Defense directed Eastern District of Virginia Judge Claude M. Hilton (19-cv-1228) to dismiss Mr. Grant's lawsuit (19-cv-1228).

15) The Six Known Members of the U.S. Department of Defense "hacked" Mr. Grant's cellular phone, landline, and computer for more than fifteen (15) years.

16) The Six Known Members of the U.S. Department of Defense kept Mr. Grant under satellite surveillance for thirty (30) years.

17) Gregory K. Harris "bribed" Mr. Grant's family, peers, teachers, co-workers, and supervisors to report the words and actions of Mr. Grant to Gregory K. Harris.

18) Gregory K. Harris directed the individuals Gregory K. Harris bribed to attempt to "set-up" Mr. Grant for:

  a) sexual assault;

  b) child molestation;

  c) theft;

  d) drug possession;

  e) solicitation;

  f) Driving Under the Influence (DUI);

  g) extortion of minors;

  h) stalking;

  i) wrongful termination;

  j) tax evasion;

  k) drug distribution;

  l) prostitution (pimping);

  m) contributing to the delinquency of minors;

n) mental illness (schizophrenia; major depression; bi-polar depression; and alcoholism); and

o) bribery of public officials.

> *See* Nader v. Democratic Nat'l Committee, 567 F.3d 692, 697 (D.C.Cir.2009).
>
> *See* Exec. Sandwich Shoppe v. Carr Realty Corp., 749 A.2d 724, 738 (D.C.2000).

19) The actions of Gregory K. Harris, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense were intentional,wanton and malicious.

20) Mr. Grant began his lawsuit in May of 2016.

21) Mr. Grant was under threat of military force by James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris to not begin his civil lawsuit until 2016. Equitable estoppel is applicable.

22) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense directed the Governor of Illinois, Mayor of Springfield (Illinois), and Springfield (Illinois) Police Chief to not "aid" Mr. Grant beginning in 1992.

23) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to not "aid" Mr. Grant beginning in 1992.

24) Gregory K. Harris "worked out" of the Illinois Central District U.S. Attorney's Office for more than twenty-four (24) years implementing and directing the criminal conspiracy against Mr. Grant engineered By James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense.

25) Gregory K. Harris regularly lied to law enforcement and officials and employees of the State of Illinois pertaining to the purpose of Mr. Grant being detained in Springfield, Illinois.

26) William Pelham Barr is vicariously liable (respondeat superior) for the actions of Gregory K. Harris:

    a) William Pelham Barr paid Gregory K. Harris through the Illinois Central District U.S. Attorney's Office payroll ("regular payroll");

    b) William Pelham Barr has the authority to terminate Gregory K. Harris' employment with the U.S. Department of Justice (Illinois Central District U.S. Attorney's Office);

    c) William Pelham Barr provided Gregory K. Harris with office space in the Illinois Central District U.S. Attorney's Office in 1992; and

    d) William Pelham Barr directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to cooperate with the conspiratorial and unlawful actions of Gregory K. Harris against Mr. Grant.

    *See* Kensington Associates v West, 324 VA. 430, 432 (1987).

    *See* McNeil Spindler, 191 VA. 685, 694, 62 S.E. 2D 13, 17 (1950).

27) OPERATION: HOMETOWN GLORY is a U.S. National Security Council domestic Black Operation run under the banner of the Committee on Transnational Threats engineered by the U.S. Department of Defense with support from the U.S. Department of Justice.

28) OPERATION: HOMETOWN GLORY is a U.S. Department of Defense domestic Black Operation run under the banner of the U.S. Department of Justice.

29) Mr. Grant seeks $99,000,000,000,000.00 in damages.

30) Mr. Grant's Witnesses

    Michael J. Madigan
    Jesse White
    Emil Jones
    Barack H. Obama
    ILLINOIS STATE POLICE

                               12/31/2020
                       William Lee Grant II
                       901 Wythe Road
                     Springfield, Illinois 62702

          COMMITTEE ON TRANSNATIONAL THREATS

              OPERATION: HOMETOWN GLORY

(217)726-5269

COMMITTEE ON TRANSNATIONAL THREATS
14
OPERATION: HOMETOWN GLORY

EXHIBIT IN SUPPORT OF COMPLAINT       EXHIBIT #1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GRANT II v BAKER

WILLIAM LEE GRANT II,                     )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )
                                          )     Civil Action No. 1:20-cv-00173 (RDA-IDD)
CENTRAL INTELLIGENCE AGENCY,              )
*et al.*,                                 )
                                          )
                                          )
          Defendants.                     )

**ORDER**

It appears from the record that Defendant State of Illinois ("State of Illinois") is in default
and that Plaintiff William Lee Grant has obtained an entry of default against the State of Illinois
from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). ~~The Clerk has entered default against the State of Illinois. Dkt. 19.~~

Accordingly, it is hereby ORDERED that Plaintiff is directed to file a motion for default
judgment pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum
setting forth the factual and legal support for findings that (a) this Court has subject matter and
personal jurisdiction, including how the defaulting Defendant was served and why that service was
proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more
claims on which relief can be granted; and (c) Plaintiff can receive the damages and relief sought,
with specific references to affidavits, declarations, or other evidence supporting such relief.

It is further ORDERED that Plaintiff file a Notice setting a hearing on the motion for
default judgment for 10:00 a.m. on Friday, September 18, 2020, before the Magistrate Judge to
whom this action is referred. Plaintiff is also directed to mail copies of the notice, motion, and

memorandum to the defaulting Defendant at the Defendant's last known address, certifying the same to the Court.

The Clerk is directed to forward a copy of this Order to counsel of record who is directed to forward this Order to the Defendant.

It is SO ORDERED.

Alexandria, Virginia
August 24, 2020

/s/

Rossie D. Alston, Jr.
United States District Judge

EXHIBIT IN SUPPORT OF COMPLAINT
EXHIBIT #2    GRANT II v BARR
GRANT II v SODEXO





**SHEILA SIMON**
LIEUTENANT GOVERNOR
STATE OF ILLINOIS

December 2, 2011

Re: Will Grant

Dear Friends,

It is with some sadness that I recommend Will Grant for your consideration as an employee. I am sad to do so because I will miss him on my staff.

Will has worked on my staff for almost a year now, and I have benefitted greatly. He is open and engaging, traits which make him such a good person for the constituent contact he has on a daily basis. In addition to doing his work well, Will has the extra quality of being good to work with. I have consistently enjoyed my interactions with Will, whether it has been about the needs of constituents or about his crazy vegetable diet.

I should also add, because of our history as a state, Will should not be given any special consideration based on political connections or my recommendation. I write this letter as one employer to another employer. I ask that you consider Will and all of his qualifications, and I believe both you and he will be well served.

Thanks, and please feel free to call me if you have any questions.

Sincerely,

Sheila Simon
Lt. Governor of Illinois

IDOT
District 9 Headquarters
Carbondale, IL 62903
Phone: (618) 529-6452
Fax: (618) 529-6455

214 State House
Springfield, IL 62706
Phone: (217) 558-3085
Fax: (217) 558-3094
TTY: 1-800-563-7110

JRTC, 15-200
Chicago, IL 60601
Phone: (312) 814-5240
Fax: (312) 814-5228

Printed on Recycled Paper

95

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

GRANT II v BAKER
EXHIBIT # 3
EXHIBIT IN SUPPORT OF COMPLAINT

**Illinois Department of Employment Security**
Appeals - Springfield
607 East Adams, 9th Floor
Springfield, IL 62701
Phone: (800) 244-5631 - TTY: (866) 205-3145
www.ides.illinois.gov

IllIllIllIllIllIllIllIllIllIllIllIll
WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

| | |
|---|---|
| Date Mailed: | 03/10/2015 |
| Claimant ID: | 2703013 |
| Docket Number: | 1505989 |
| Appeal Filed Date: | 02/03/2015 |
| Date of Hearing: | 03/06/2015 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Springfield |

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

Claimant Appellant
WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

Employer
DEPT OF TRANSPORTATION DEPT OF
TRANSPORTATION
2300 S DIRKSEN PKWY
SPRINGFIELD, IL 62764-0001

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. Whether the Claimant left work voluntarily without good cause attributable to the employer? See 820 ILCS 405/601A. The employer is a party to the appeal.

**Findings of Fact:** The claimant worked for the employer as a technical manager/staff assistant in the legal department. He was paid about $47,500 a year, began in 2012 and last worked on or about October 27, 2014. The claimant was advised in August of 2014 that the employer was going to lay him off at the end of September. The union filed a lawsuit and the layoff was postponed until the end of October of 2014. The claimant was then advised the layoff has been postponed indefinitely. The claimant was on a month to month lease. The landlord did not renew the lease for the month of November. The claimant returned to his hometown area in Springfield, stopped reporting to his Chicago employer work location and attempted to get a transfer through the Governor's office. The claimant reported to the Governor's office in constituent serves in November and turned in time sheets for November 6, 7, and 10, 2015. The claimant was not paid and there was subsequent contact with this employer regarding pay and his work status. The claimant was ultimately not paid by this employer given he was not working for the employer and was not on its jobsite. The claimant submitted a resignation to the employer on November 21, 2014 effective November 5, 2014. The claimant did not submit any more times sheets to the Governor's office and on or about December 3, 2014 was advised a transfer was not approved there.

**Conclusion:** 820 ILCS 405/601A provides that an individual shall be ineligible for benefits for the weeks in which he has left work voluntarily without good cause attributable to the employing unit and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks.

The claimant quit his job in Chicago primarily due to issues with his living arrangements. There was also evidence he sought and believed he may have had another job. While the claimant may have had a good reason to quit, the leaving was not attributable to the employer as the employer did not materially change the terms of the working agreement. There was not sufficient evidence to support a finding of an exemption. The claimant was not hired at the Governor's office and was not paid any wages. While he testified that he worked at the Governor's office for a month, the claimant only submitted approximately three days of time sheets for payment (none of which were honored). The claimant is disqualified for benefits under Section 601A of the Act.

**Decision:** The Local Office Determination is AFFIRMED. Pursuant to 820 ILCS 405/601A, the claimant is disqualified for benefits. The claimant is not eligible for benefits from 11/30/2014.

JOHN SCHELLENBERG, Administrative Law Judge
Appeals - Springfield
Fax: (309) 671-3121

L11L                                    Page 1 of 2                            APL011L

MR GRANT QUALIFIED FOR FEDERAL UNEMPLOYMENT
BENEFITS PURSUANT TO : 820 ILCS 601(B)(2).

171

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

State of Illinois
Department of Employment Security
www.ides.illinois.gov



**Request for Reconsideration of Claims Adjudicator's Determination and,
if applicable, Appeal to the Referee**

Claimant Information:

Last Name: Grant                                    First Name: William                    MI: L

ID or SSN: 2703013

**(Este es un documento importante. Si usted necesita un Intérprete, póngase en contacto con su oficina local.)**

The reconsideration process is governed by section 703 of the Illinois Unemployment Insurance Act and 56 Ill. Adm. Code 2720.160 Reconsidered Finding or Determination. If your Request for Reconsideration becomes an Appeal as a result of the reconsideration process, your case will be forwarded to the appeals unit.

*If you need additional space, please use the other side of this document, if appropriate, or attach a separate sheet of paper.*

Appellant: (Check One) ☑ Claimant    ☐ Employer (Employer, please provide Company Name and Account #)
                                    Name: _____    Account #: _____

| Section A: Reason for Request for Reconsideration |
|---|

I disagree with the claims adjudicator's determination dated ___01/21/2015___ , regarding Issue 009 601A-Voluntary Leaving
_____ because:    (Give all your reasons and facts)

I was informed by the Illinois Department of Transportation (IDOT) that I was to be laid-off under a "material reorganization" for holding the position of Staff Assistant.

I was offered employment by the Office of the Illinois Governor. I worked for the Office of the Illinois Governor from November 6, 2014 to December 3, 2014.

According the the rules of the Illinois Department of Employment Security, the evidence shows that I did not lose employment through any fault of my own. I accepted a bona fide offer of employment in good faith.

Please refer to Attachment A for my list of reasons and facts for a Request for Reconsideration and an Appeal. Please refer to Attachments B through E for supporting documentation.

\* Note to claimant: You must continue to certify for benefits by Tele-Serve or Online for each two week period that you are
                     unemployed during the appeal process.

| Section B: Signature |
|---|

Signature: _William Grant_                         Date: 02/03/2015

Name (Printed or Typed): William L. Grant            Telephone Number: 217-726-5269

ADJ024F                          Page 1 of 1                BEN-523              Rev. (09/2011)

AMENDED COMPLAINT                                      OPERATION: HOMETOWN GLORY
16-CV-3245

- I was employed by the Illinois Department of Transportation (IDOT) as a Staff Assistant.

- I received notice that I was to be laid-off effective the close of business on September 30, 2014. As a result, I made temporary living arrangements in Chicago, IL. (See Attachment B.)

- The Teamster 916 Union received a court injunction delaying the effective date of the layoff until after a court appearance in October of 2014. The State of Illinois failed to produce certain documents, and the effective date of the layoff was postponed to a later date.

- As a result, I had to find temporary living arrangements in Chicago. This caused my having to spend an even greater amount of money to procure accommodations in Chicago for work.

- As a result of the layoff, there was a considerable decline in my workload.

- On November 5, 2014, I was informed that Governor Quinn's Deputy Chief of Staff (Justin Cajindos) would ask the Governor's Chief of Staff (Ryan Croke) to approve me to work in Springfield for a few weeks before returning to the IDOT Chicago Office. I was told that the Chief of Staff had no objection, and that he was going to work out an agreement with IDOT's Acting-Secretary (Erika Borggren) to allow me to work in Springfield, IL for a couple of weeks.

- I reported to the Governor's Capitol Office on November 6, 2014 for work.

- Before I reported to the Governor's Capitol Office, I contacted my direct supervisor (Rick Kabaker, Deputy Chief Council) at IDOT via e-mail, and informed him that I was approved to work in Springfield by Governor Quinn's Chief of Staff and Deputy Chief of Staff. (Please see Attachment C.)

- On the morning of November 7, 2014, I was told to report to IDOT's Central Office in Springfield. A short time later, I was told not to report to IDOT's Central Office due to the attorneys handling the IDOT Staff Assistant litigation "freaking out" over my being allowed to work in Springfield. I was instructed to take the day off.

- Over the weekend, I was informed that I would have to resign from IDOT, I would be hired by the Governor's Office, and then most likely transferred to the Illinois Department of Central Management Services (CMS).

- I reported to the Governor's Office (of Constituent Affairs) on November 10, 2014.

- On November 17, 2014, I contacted IDOT's Bureau of Personnel Management to find out why my paycheck was unexpectedly low. Samantha Helton informed that my Office (Office of Chief Council) stated they did not know where I was, and that IDOT's Chief Council advised her to put me on "dock time." She stated that if I sent her time sheets from where I was working, I would receive "back pay." I submitted time sheets on November 18, 2014 via facsimile. (Please see Attachment D.)

- The week of November 17, 2014, I was contacted by the Deputy Director of Personnel of CMS (Israel Salazar), and he informed me that he wanted to put me in a position at CMS.

Number: 1505989

174

Attachment A

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

- On November 21, 2014, I was contacted by Governor Quinn's Deputy Chief of Staff (Juan Morado), and informed that I needed to submit my resignation to IDOT through my former supervisor, Rick Kabaker). (Please see Attachment E.)

- I worked in the Governor's Office of Constituent Affairs from November 10, 2014 until the close of business on December 3, 2014, excluding holidays. Two time sheets are attached. The time sheets are signed by Carmen Flynn, the previous Deputy Director of the Governor's Office of Constituent Affairs. (Please see Attachment D.)

- I was informed after the close of business on December 3, 2014 I was unable to be added to the payroll (i.e., get paid) due to the litigation between IDOT and the Teamster's 916 Union.

175

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY



**Illinois Department of Transportation**
Office of the Secretary
2300 South Dirksen Parkway / Springfield, Illinois / 62764
Telephone 217/782-5597

August 21, 2014

Mr. Tony Barr
President, General Teamsters/ Professional & Technical Employees Local
Union No. 916
3361 Teamster Way
Springfield, IL 62707

Dear Tony:

In accordance with Article XII, Layoff, of the Collective Bargaining Agreement, this correspondence is your official notification of the Department's intent to initiate a layoff for the position title of Staff Assistants. The proposed effective date of the layoff is at the close of business September 30, 2014, and the reason for the layoff is due to a material reorganization.

The following Collective Bargaining titles for which your organization has exclusive representation rights are proposed for inclusion:

| Position Classifications | Bargaining Unit | Number of Employees | Work County |
|---|---|---|---|
| Technical Manager I | PM | 3 | Sangamon |
| Technical Manager II | PM | 16 | Cook |
| Technical Manager II | PM | 8 | Sangamon |
| Technical Manager II | PM | 2 | Effingham |
| Technical Manager II | PM | 3 | Madison |
| Technical Manager II | PM | 2 | Jackson |
| Technical Manager III | PM | 7 | Cook |
| Technical Manager III | PM | 7 | Sangamon |
| Technical Manager III | PM | 1 | Jackson |
| Technical Manager IV | PM | 3 | Sangamon |
| Technical Manager IV | PM | 2 | Madison |
| Technical Manager V | PM | 1 | Cook |

Questions concerning this layoff may be addressed to Tony Small, Director, Finance & Administration at 217-782-1816.

Sincerely,

Erica Borggren
Acting Secretary of IDOT

Attachment 'B'

Ref Number 1505989

176

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY



# Illinois Department of Transportation

Office of the Secretary
2300 South Dirksen Parkway / Springfield, Illinois / 62764
Telephone 217/782-5597

September 16, 2014

William Grant
901 Wythe Rd
Springfield, Il 62702

Dear Mr. William Grant:

It is with regret that I must inform you that, in accordance with Article XII,
Section 1, of the General Teamsters/Professional & Technical Employees
Collective Bargaining Agreement (Pro-Tech 916), this correspondence will
serve as final notification of the Department's layoff due to material
reorganization. Unfortunately, your position has been identified for layoff. The
effective date of the layoff is at the close of business on September 30, 2014.

After the layoff, in order to maintain your eligibility for recall, it is your
responsibility to keep the Central Bureau of Personnel Management up to date
with your current mailing and/or home address. Should you need to update
your contact information, please call the Bureau of Personnel Management at
217/782-5594. In accordance with Article XII, Section 5, failure to respond
when contacted at the address last given by the employee constitutes removal
from the Recall List.

Sincerely,

Erica Borggren
Acting Secretary of IDOT

177

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

Gmail - Re: out of office                                                        Page 1 of 2

                                    William Grant <wgran2@gmail.com>

**Re: out of office**
5 messages

---

**William Grant** <wgran2@gmail.com>                            Thu, Nov 6, 2014 at 8:57 AM
To: rick.kabaker@illinois.gov
Cc: dot.ch.outofoffice@illinois.gov

Rick,

I've been approved to work in Springfield. I'm at the Capitol today.


Sent from my iPhone

---

**Kabaker, Rick** <Rick.kabaker@illinois.gov>                    Thu, Nov 6, 2014 at 9:04 AM
To: William Grant <wgran2@gmail.com>

Who approved your working in Springfield?

Richard A. Kabaker, Esq.
Deputy Chief Counsel
Illinois Department of Transportation
100 West Randolph Street - Suite 6-600
Chicago, IL  60601
Tel.:  312-793-4838
Fax:  312-793-3933
CONFIDENTIALITY NOTICE:  This e-mail is a confidential attorney/client, attorney work product, and/or pre-
decisional FOIA exempt document intended solely for the use of the individual(s) to whom it is addressed,
and should be handled accordingly.  If you are not the intended recipient(s), please be advised that you have
received this e-mail in error and that the use, dissemination, forwarding, printing or copying of this e-mail is
strictly prohibited.  If you have received this e-mail in error, please notify Rick Kabaker immediately.
[Quoted text hidden]

---

**William Grant** <wgran2@gmail.com>                            Thu, Nov 6, 2014 at 9:24 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

Gov's Office.

Sent from my iPhone
[Quoted text hidden]

---

**Kabaker, Rick** <Rick.kabaker@illinois.gov>                    Thu, Nov 6, 2014 at 9:28 AM
To: William Grant <wgran2@gmail.com>

Will:  Who in the Gov. Office approved it?  Rick

Richard A. Kabaker, Esq.
Deputy Chief Counsel
Illinois Department of Transportation                                    Attachment
100 West Randolph Street - Suite 6-600
Chicago, IL  60601                                                          ' C '
Tel.:  312-793-4838
Fax:  312-793-3933

mhtml:file://C:\Users\User\Documents\Gmail - Re out of office.mht

---

AMENDED COMPLAINT                              OPERATION: HOMETOWN GLORY
16-CV-3245

CONFIDENTIALITY NOTICE:  This e-mail is a confidential attorney/client, attorney work product, and/or pre-decisional FOIA exempt document intended solely for the use of the individual(s) to whom it is addressed, and should be handled accordingly.  If you are not the intended recipient(s), please be advised that you have received this e-mail in error and that the use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify Rick Kabaker immediately.


-----Original Message-----
From: William Grant [mailto:wgran2@gmail.com]
[Quoted text hidden]

**William Grant** <wgran2@gmail.com>                          Thu, Nov 6, 2014 at 9:35 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

COS Croke and Deputy Cajindos. They're both in Chicago today if you want to speak to them.

Sent from my iPhone
[Quoted text hidden]

AMENDED COMPLAINT                    OPERATION: HOMETOWN GLORY
16-CV-3245

## Office of the Governor

Employee Name: William Grant

Employee Signature:

Supervisor Name: Carmen Flynn

Supervisor Signature: Carmen Flynn

Attachment 'D'

HOURS ON OFFICIAL STATE BUSINESS

| DAY | DATE | ON | LUNCH OFF | LUNCH ON | DINNER OFF | DINNER ON | OFF | ON | OFF | ON | OFF | HOURS ON STATE BUSINESS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | | | | | | | | | | | | 0:00:00 |
| Tuesday | | | | | | | | | | | | 0:00:00 |
| Wednesday | | | | | | | | | | | | 0:00:00 |
| Thursday | 11/6/14 | 9:45 | 1:00 | 1:30 | | | 5:15 | | | | | 0:00:00 |
| Friday | | | | | | | | | | | | 0:00:00 |
| Saturday | | | | | | | | | | | | 0:00:00 |
| Sunday | | | | | | | | | | | | 0:00:00 |
| Week Total | | | | | | | | | | | | 0:00:00 |

TIME OFF:

| DAY | DATE | VAC | SICK | PL | COMP | HOLIDAY | OTHER PAID LEAVE | FURLOUGH PERSONAL | FURLOUGH VACATION | FURLOUGH DAY (UNPAID) | TOTAL HOURS | | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Tuesday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Wednesday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Thursday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Friday | 11/7/14 | | | | | | FD | | 7.5 FD | | 0:00:00 | | 0:00:00 |
| Saturday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Sunday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Week Total | | | | | | | | | | | 0:00:00 | WEEK TOTAL: | 0:00:00 |

Comments:

## Office of the Governor

Employee Name: William Grant

Employee Signature:

Supervisor Name: Carmen Flynn

Supervisor Signature: Carmen Flynn

HOURS ON OFFICIAL STATE BUSINESS

| DAY | DATE | ON | LUNCH OFF | LUNCH ON | DINNER OFF | DINNER ON | OFF | ON | OFF | ON | OFF | HOURS ON STATE BUSINESS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | 11/10/14 | 9:15 | | | | | 5:15 | | | | | 0:00:00 |
| Tuesday | | | | | | | | | | | | 0:00:00 |
| Wednesday | 11/12/14 | 8:45 | 1:05 | 1:30 | | | 5:15 | | | | | 0:00:00 |
| Thursday | | 9:00 | | | | | 5:00 | | | | | 0:00:00 |
| Friday | | 8:45 | | | | | 5:15 | | | | | 0:00:00 |
| Saturday | | | | | | | | | | | | 0:00:00 |
| Sunday | | | | | | | | | | | | 0:00:00 |
| Week Total | | | | | | | | | | | | 0:00:00 |

TIME OFF:

| DAY | DATE | VAC | SICK | PL | COMP | HOLIDAY | OTHER PAID LEAVE | FURLOUGH PERSONAL | FURLOUGH VACATION | FURLOUGH DAY (UNPAID) | TOTAL HOURS | | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Tuesday | 11/11/14 | | | | | 7.5 | | | | | 0:00:00 | | 0:00:00 |
| Wednesday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Thursday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Friday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Saturday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Sunday | | | | | | | | | | | 0:00:00 | | 0:00:00 |
| Week Total | | | | | | | | | | | 0:00:00 | WEEK TOTAL: | 0:00:00 |

Comments:

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

Gmail - RE: Resignation                                                    Page 1 of 1

                                    William Grant <wgran2@gmail.com>

**RE: Resignation**
1 message

**Grant, William L. (GOV)** <William.L.Grant@illinois.gov>        Fri, Nov 21, 2014 at 10:54 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

I hereby submit my resignation effective November 5, 2014.

Attachment

' E '

AMENDED COMPLAINT                          OPERATION: HOMETOWN GLORY
16-CV-3245



EXHIBIT IN SUPPORT OF COMPLAINT
EXHIBIT #5

GRANT II
v
BAKER

STATE OF ILLINOIS
### OFFICE OF THE GOVERNOR
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

December 21, 2014

To Whom It May Concern:

I am pleased to recommend Will Grant for employment. I have always known Will to be a skilled and dedicated public servant for the State of Illinois. His innate interpersonal skills and work ethic have earned him the respect and confidence of his colleagues.

Will is highly organized, mission oriented, and hard working. Will has proven himself to be an essential team member, and I am confident he will continue to be just that with his future employers.

I am certain that he will be an asset and make great contributions to your organization. If you have any additional questions regarding Will's experience or abilities, please do not hesitate to contact me.

Sincerely,

Ryan Croke
Chief of Staff
(847) 271-7926

97

AMENDED COMPLAINT                    OPERATION: HOMETOWN GLORY
16-CV-3245



EXHIBIT IN SUPPORT OF COMPLAINT

GRANT II v SOD ET AL

EXHIBIT #6

GRANT II v BAKER



STATE OF ILLINOIS
## OFFICE OF THE GOVERNOR
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

August 2, 2010

Re: William Grant

To Whom It May Concern,

It is my pleasure to provide this letter of recommendation for William Grant. I am currently William's direct supervisor in Governor Pat Quinn's Office of Citizen Action. He has been an intern here since June 2010.

As a Constituent Affairs intern, William was responsible for managing constituent phone calls, opening and responding to letters, occasionally drafting public documents such as proclamations and newsletter articles and working on projects related to constituent outreach. He had the opportunity to become very familiar with state government and developed a solid understanding of the functions of many of the State agencies under the purview of the Governor.

Throughout the summer, he also managed the valedictorian celebration at the 2010 State Fair, which is an annual event attended by high school valedictorians throughout the state, as well as the Governor. He managed this project on his own and was solely responsible for the logistics of this major event as well as communicating with all participants.

William has been a very valuable asset not only to the Governor's Office of Citizen Action, but was helpful in other units within the Governor's Office as well. He is a team player and I believe he will be a great addition to your office. I do not hesitate to offer my recommendation.

Sincerely,

Donna Dalton
Director of Constituent Affairs

93

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY



GRANT II v BAKER
EXHIBIT IN SUPPORT OF
APPLICATION



*By authority of the Board of Trustees of the*

# UNIVERSITY OF ILLINOIS

*and upon recommendation of the Senate*

*at Springfield*

## William Grant

*has been admitted to the Degree of*

## Bachelor of Arts in Psychology

*and is entitled to all rights and honors thereto appertaining*
*Witness the Seal of the University and the Signatures of its Officers*
*this eighteenth day of December, two thousand and ten.*



Chair of the Board of Trustees

President of the University of Illinois

Michele M. Thompson
*Secretary of the Board of Trustees*

*Interim Vice President of the University of Illinois*
*Interim Chancellor of the Springfield Campus*

EXHIBIT IN SUPPORT
OF ████████
APPLICATION



# Springfield High School

### District No. 186, Springfield, Illinois

**This Certifies That**

## William Lee Grant

has complied with the requirements of the Illinois State Board of
Education and of the Board of Education of Springfield Public School
District No. 186, Springfield, Illinois, and is hereby awarded this

## Diploma

Given at Springfield, in the State of Illinois,

this twenty-ninth day of May, 2004.

_____
President, Board of Education

Charles Wayne Hooto
Principal

Diane Rutledge
Superintendent of Schools

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

WILLIAM LEE GRANT II  Case Number: 2021 00572

vs

Date: DECEMBER 21, 2020

JAMES A. BAKER III

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*  WILLIAM LEE GRANT II | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☒ Self (Pro Se) |
| Telephone No.:   Six digit Unified Bar No.:   (217) 726-5269 | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury     ☐ 6 Person Jury     ☐ 12 Person Jury
Demand: $ 99,000,000,000,000.00     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____     Judge: _____     Calendar #:_____

Case No.:_____     Judge: _____     Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent     ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent     ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                 ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent            Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                 ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees            Under $25,000 Pltf. Grants Consent           Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile          ☐ 03 Destruction of Private Property     ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy                          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 11 Libel and Slander                                   Not Malpractice)
☐ 03 Assault and Battery       ☐ 12 Malicious Interference                       ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution                      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal                          ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☒ 07 False Arrest              ☐ 16 Negligence- (Not Automobile,                 ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)                           ☐ 23 Tobacco
                                                                                ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE     IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_Will lf_
(PRO -SE)

DECEMBER 2I, 2020
Date

CV-496/ June 2015



**Superior Court of the District of Columbia**
**Civil Division**
*500 Indiana Ave., N.W., Room 5000*
*Washington, DC 20001*
*202-879-1133*

**REJECTION SHEET**

**RE:** <u>JOHNSON v. MAGUIRE, et al.</u>          **CA No.** <u>N/A</u>

**The** <u>Requst for Subpoena</u>                    **received/filed on** <u>2/9/2021</u>
**Cannot be accepted for filing and is returned herewith for the following reason(s):**

☐ Pleading not signed as required by court rule.

☐ Required number of summons/complaints were not included.

☐ Default/Default Judgment entered on <u>Click here to enter a date.</u> ; see SCR-Civ.55(a)
60(b).

☐ Check _____ for payment of _____ was made out incorrectly.

☐ Fee not included for: _____

☐ Leave of Court required for filing: _____

☐ Incorrect case number on pleading.

☐ No Certificate of Service/Mailing.

☐ Original green card is not attached.

☐ Civil Division lacks jurisdiction- should be filed with _____

☐ Requires signatures of all parties who have appeared.

☒ Other: <u>List of parties and counsel with addresses not included; Date of deposition has</u>
<u>passed.</u>

**NOTICE: A new certificate of service is required when resubmitting a rejected pleading.**

☒ Returned via mail: <u>9210 Corporate Blvd., Suite 320, Rockville, MD 20850</u>

**RETURNED TO:** <u>Walker, Murphy, and Nelson, LLP</u>

**DATE:** <u>February 25, 2021</u>          **DEPUTY CLERK:** _____

Form CV-625/Feb 2014